NO. 07-10-00285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 27, 2011

---

MITCHELL RYAN COE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY;

NO. 1170447; HONORABLE BRENT A. CARR, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Mitchell Ryan Coe, was convicted of the misdemeanor offense of driving while intoxicated (DWI).[1] Appellant was sentenced to 15 days in the Tarrant County Jail and fined $300. Appellant appeals the judgment of conviction alleging the trial court committed reversible error in admitting statements appellant made while in police custody. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (West 2003).

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain his conviction, therefore, only such factual background as is necessary for the proper disposition of this matter will be recited.

On August 26, 2009, appellant was arrested for suspicion of DWI. After concluding that there was probable cause to arrest appellant, Officer Negrete of the Azle Police Department took appellant into custody and transported him to the city jail. While at the city jail, appellant was requested to perform several field sobriety tests and was asked to give a specimen of his breath for examination purposes. Appellant declined to give a specimen of breath and, subsequently, Negrete read the DIC-24 form to appellant, as required by statute. See TEX. TRANSP. CODE ANN. § 724.011 (West 1999). After reading the DIC-24 statutory warnings to appellant, Officer Negrete advised appellant of his rights pursuant to Miranda.[2] After appellant's Miranda rights were read to him, he was asked if he minded answering some questions, to which appellant replied, "Uh yes. I don't mind." His responses were electronically recorded and the recording was played for the jury. Appellant objected to the jury hearing the statements and the trial court overruled the objection.

Appellant now contends that allowing the jury to hear his responses that followed his Miranda warnings was reversible error because he did not effectively waive his right to remain silent. We disagree and affirm.

---

[2] See Miranda v. Arizona, 384 U.S. 436, 467-68, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

Standard of Review

Our review of the record leads to the conclusion that appellant's objection to the jury hearing his responses should be treated as a motion to suppress the audio portion of the recording. Accordingly, we will apply the standard of review for the denial of a motion to suppress to the facts of this case.

We apply a bifurcated standard of review to the trial court's ruling on a motion to suppress. See Valtierra v. State, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010). We must give almost total deference to the trial court's determination of historical facts. See id. The trial judge is the sole trier of fact and judge of the credibility of any witness's testimony and the weight to be assigned to that testimony. See id. When we review an application-of-law-to-fact question not turning on the credibility and demeanor of the witness, we review the trial court's ruling *de novo.* See Wiede v. State, 214 S.W.3d.17, 25 (Tex.Crim.App. 2007). When the record is silent as to the reasons for the trial judge's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions, we imply the necessary findings that would support the trial court's ruling if evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. See State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008) We will sustain the trial court's ruling if that ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. Valtierra, 310 S.W.3d at 447.

Analysis

Appellant's position may be summed up by saying that nothing short of an affirmative statement from a person in custody that he waives his right to remain silent will suffice to support the submission of his custodial statement to a jury. However, such is not the law in Texas.

Before any oral statement that results from custodial interrogation may be used against a defendant, the defendant must be warned of his rights. See TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2) (West 2005),[3] Miranda, 384 U.S. at 467-68. The waiver of the rights granted a defendant must be made knowingly, intelligently, and voluntarily. art. 38.22, § 3(a)(2). In ascertaining the voluntariness of an oral statement, the court looks to the totality of the circumstances surrounding the statement. See Smith v. State, No. AP-75,793, 2010 Tex. Crim. App. Unpub. LEXIS 582, at *12 (Tex.Crim.App. Sep. 29, 2010) (citing Barefield v. State, 784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989)). A waiver of rights may be inferred from the actions and words of the defendant. Id. at *11. Finally, the court does not require an "express verbal statement from an accused that he waives his rights prior to giving the statement." Barefield, 784 S.W.2d at 40-41.

When we apply the guidance mentioned above to the record before us, we find that the officer properly warned appellant regarding his rights and that appellant understood those rights, including the right to remain silent. Further, the officer inquired as to whether appellant wanted to answer a few questions. To this inquiry, appellant

---

[3] Further reference to the Texas Code of Criminal Procedure shall be by reference to "art. _____."

4

answered, "Uh yes. I don't mind." The officer then proceeded to ask the questions at issue and appellant answered the questions without any objection. The questions asked went to the heart of the issues to be resolved in a DWI prosecution. Specifically, appellant admitted to operating a motor vehicle at the time in question and that he had been drinking alcohol, although he denied being under the influence of alcohol at the time of his arrest. Appellant never requested to stop the interview nor to be allowed to contact an attorney, although the record clearly demonstrates he was made aware of these rights. Therefore, under the facts and circumstances of this case, we find that the trial court's decision to overrule appellant's objection to the use of the recorded statement is supported by the record. See Valtierra, 310 S.W.3d at 447. Appellant's issue is overruled.

## Conclusion

Having overruled appellant's sole issue, the judgment of the trial court is affirmed.

> Mackey K. Hancock
> Justice

Do not publish.